(C. D. 433)

J. E. BERNARD & CO., INC., v. UNITED STATES

United States Customs Court, Second Division

(Decided February 4, 1941)

*G. W. R. Wallace; Barnes, Richardson & Colburn (J. Bradley Colburn* and *Joseph Schwartz* of counsel), for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General *(Richard Welsh,* special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges; Dallinger, J., concurring

KINCHELOE, Judge: The plaintiff herein seeks a refund of duty assessed on 168 books entitled "The March of Man," which were

classified and assessed for duty at 20 per centum ad valorem under paragraph 1410 of the Tariff Act of 1930, as modified by the trade agreement with the United Kingdom (T. D. 49753), as bound books of other than bona fide foreign authorship. The said books are claimed to be properly dutiable at 7½ per centum ad valorem under said paragraph 1410 and said trade agreement, as books of bona fide foreign authorship.

A copy of the books in question was put in evidence by the plaintiff and marked exhibit 1. At the hearing it was stipulated between counsel as to such books as follows:

* * * that the General Editor was Lawrence H. Dawson, who was at all times material to this case, a resident and citizen of England; that the Historical Atlas was prepared by George Philip and Ramsay Muir, with the collaboration in the American section of Robert McElroy; that the said George Philip and Ramsay Muir were at all times material to this case residents and citizens of England; and that said Robert McElroy has been at all times a citizen of the United States and has been a resident of England since 1925.

In Abstract 50612 (48 Treas. Dec. 782) this court had under consideration a book entitled "A Laboratory of Experimental Physiology," which was classified at 25 per centum ad valorem under the predecessor paragraph 1310 of the Tariff Act of 1922, as books of other than bona fide foreign authorship, and was claimed to be dutiable at only 15 per centum thereunder as of foreign authorship.

It was conceded that one of the four authors of the book was a native-born citizen of the United States. This court held that the provision in question contemplated only such books as were wholly of foreign authorship, and the claim of the plaintiff therein was therefore overruled.

In the later case of *Putnam's Sons* v. *United States*, T. D. 48886 (71 Treas. Dec. 528), we passed on the same question under paragraph 1410 of the Tariff Act of 1930, which so far as material was identical in language to that of said paragraph 1310 of the act of 1922. The books there in question, which were entitled "Fine Prints of the Year 1934," comprised a collection of pictorial reproductions of etchings, engravings, etc., 12 pages of the preface of which, descriptive of said prints, being of foreign authorship, and 9 pages thereof American authorship. The books also contained a "Directory of Etchings and Engravings," six pages of which were compiled by said foreign author, and seven pages by the American author. The claim of the plaintiff that the said books should be held dutiable as books of bona fide foreign authorship under said paragraph 1410 was overruled, this court holding said provision to mean books wholly, or substantially wholly, of foreign authorship.

Plaintiff in its brief cites and discusses seven different decisions of this court in support of its claim for classification of the imported merchandise as books of bona fide foreign authorship. An examination of said cases however fails to show that they have any bearing whatever on the question of partial authorship by an American citizen, as in all of said cited cases it was either proven or conceded that the books or printed matter were wholly of foreign authorship.

Our attention has since, however, been called to Abstract 29385 (66 Treas. Dec. 1095), wherein this court had before it two books entitled "The Letters of Robert Burns" (Volumes I and II). It was stipulated that the 710 letters contained in said books were written by Robert Burns, a foreign author, but that the preface, introduction, footnotes to letters, glossary, appendix, and bibliography were written by J. DeLancey Ferguson, a citizen of the United States. It was held by this court that the matters contained in the books other than the letters were merely data to facilitate the reading of the letters, and said books were accordingly held dutiable under paragraph 1410 of the act of 1930, as books of bona fide foreign authorship.

This latter decision may perhaps have been too broad. If, however, it should be considered in conflict with the decision in Abstract 50612, *supra*, wherein it was held that the provision of paragraph 1310 of the act of 1922 for books of bona fide foreign authorship meant books wholly of such foreign authorship (which we consider means also substantially wholly of such authorship), the former decision will control, under the doctrine of legislative approval of judicial interpretation.

In the present case, apart from the stipulated statement that Robert McElroy, a citizen of the United States, collaborated with George Philip and Ramsay Muir, citizens of England, in the preparation of the American section of the Historical Atlas, no particular part of the book has been pointed out to us as constituting such American section. However, under the title "Time Chart List of Sections," consisting of seven sections or charts, we find that five of the seven sections devote about one column each of printed information to the history of Latin America, and that three of the sections or charts devote about a column each to the subject of the United States of America.

If these two parts represent the work or collaboration of the American citizen McElroy, we can only say that they constitute very substantial parts of the printed historical text contained in the book, exhibit 1. The part of the book of foreign authorship is undoubtedly much greater than that of American authorship but, under the decisions cited, *supra*, obviously the books under consideration cannot

be considered as wholly or substantially wholly of bona fide foreign authorship.

The claim of the plaintiff must therefore be denied. Judgment will be rendered accordingly.

### CONCURRING OPINION

DALLINGER, Judge: I concur in the conclusion but do not agree that there is any conflict in the cited decisions.